[Civ. No. 1627.   First Appellate District.—January 28, 1916.]

M. L. MAYERS, as Trustee, Respondent, v. SAN FRAN-CISCO CORNICE COMPANY, Incorporated, Appellant.

CONTRACT—COVERING METAL DOORS—SUFFICIENCY OF EVIDENCE.—In this action to recover for services in covering with leather metal doors, the judgment of the lower court is affirmed upon the sole question as to whether certain instructions were given to the company performing the services.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

James P. Sweeney, for Appellant.

Henry A. Jacobs, for Respondent.

THE COURT.—This is an action brought by the plaintiff, as assignee for the benefit of the creditors of J. Frank & Co., a corporation, against defendant for $425, claimed to be the balance due under two separate contracts for covering with leather a number of metal doors of the University of California.

Plaintiff's assignor, being the lowest bidder as a subcontractor for the work, a contract was entered into between it and the defendant whereby the former was to do the work for the sum of $650. While the contract called for the work to be done strictly according to specifications, there were in fact no specifications, and the work was to be done according to oral instructions. The manager of the subcontractor, it further appears, as well as others interested in the work, regarded it as somewhat experimental. He felt doubtful whether, even if he followed the instructions given, the work would prove satisfactory to the defendant, and therefore proposed that one door should first be completed, so that they might be better able to judge if the method proposed to be followed was suitable. This was done, and the door as thus covered was pronounced satisfactory by the defendant and the architect of the building, whereupon the remainder of the work was performed in the same manner, and the doors were all immediately installed. About three weeks later the leather commenced to peel off, and after some negotiations the subcontractor and the defendant entered into a second contract, which was in all particulars like the first one, except that under it the subcontractor was to do the work for a little more than one-half the original contract price, viz., $375. Upon removing the leather from some of the doors the defendant claims that it learned for the first time that the leather had not been placed thereon according to instructions and to the understanding between it and Frank & Co., in the particular that the doors had not first been covered with canvas, to which the leather was to be subsequently glued, but that strips of canvas merely had been placed along and over the seams.

The sole question presented for determination, as we view the record, is whether these instructions were in fact given to Frank & Co.

The manager of this concern testified in so many words that he carried out the instructions as given in covering the doors, and that he was not directed to cover them with cloth or canvas before placing thereon the leather. It further appears from the evidence that after it was learned that the work under the first contract was not satisfactory, there was a dispute among the parties concerned on the question of responsibility, with the result that Frank & Co. agreed to

do the work over in the method now found to be necessary, and for about one-half of the original contract price, one-third of which the architect was willing to pay, he thinking, as stated by him in a letter to the defendant, that perhaps they were all a little to blame for the unsatisfactory character of the first work upon the doors, and being anxious to have the job completed as early as possible. In the letter he wrote as follows: ''I will pay one-third of that amount, the remainder being made up by you or your subcontractor. If, however, you had originally a guaranty from your subcontractor, he should pay for the whole cost himself without involving either you or me. . . . Owing to a variety of causes, especially the difficulty of getting satisfactory information regarding this class of work, too long a time has already elapsed, and it is consequently doubly important that the execution of the work should be completed at the earliest possible moment.''

The judgment and order are affirmed.